IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-MJ-00071 |
| ) | |
| ) | |
| JEREMY N.S. SHORT ) | |

**<u>JOINT MOTION TO EXTEND TIME FOR INDICTMENT</u>**

The United States of America and the defendant, Jeremy N.S. Short, by and through his undersigned counsel, respectfully move for entry of an order extending the time period for filing an indictment against the defendant to May 28, 2021.

The grounds for the present motion are as follows:

On March 31, 2021, a criminal complaint was filed against Mr. Short charging him with Fraud in connection with major disaster or emergency benefits (18 U.S.C. §1040(a)(1, 2); Conspiracy to defraud the United States (18 U.S.C. §371); Aggravated identity theft (18 U.S.C. §1028A); Mail fraud (18 U.S.C. §1341); and Conspiracy to commit mail fraud (18 U.S.C. §§1349, 1341).

On April 5, 2021, Mr. Short made her initial appearance before the Honorable Pamela Meade Sargent, United States Magistrate Judge. Mr. Short was detained.

The Speedy Trial Act requires that an individual arrested on a complaint be indicted within thirty days from the date on which such individual was arrested. 18 U.S.C. § 3161(b)

The parties in this case are currently exploring whether a pre-indictment disposition can be achieved and will need additional time to determine whether

such a disposition is feasible.

Extending the time period in which to file an indictment against Mr. Short would be in the best interests of justice as it would give the parties sufficient time to evaluate the evidence and engage in plea negotiations and may avoid the need for a trial.  The Speedy Trial Act provides that the time limits set in the statute may be extended if the failure to grant an extension would deny counsel for any party the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(7)(B)(iv).

Mr. Short hereby agrees to waive any objections under the Speedy Trial Act and agrees that the government shall have until May 28, 2021, to file an indictment. This waiver is made knowingly, intentionally, and voluntarily by Mr. Short, and with full knowledge of the provisions of the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq.*, and with the advice and consent of counsel.

Mr. Short is agreeing to this waiver in order to provide himself, his counsel, and the government sufficient time to negotiate a pre-indictment disposition that is acceptable to both parties.  He expressly understands that her waiver is not predicated upon any other promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by this waiver.

Defense counsel has been authorized to sign and file this motion on behalf of Mr. Short and the United States.  Counsel for Mr. Short has fully explained to him the right he has to be charged by indictment within 30 days of arrest and has reviewed the terms and conditions of the Speedy Trial Act that may apply in this case. Defense counsel has further assured that his decision to agree to an extension of time to be charged by indictment is an informed and voluntary one.

WHEREFORE, the parties request that the time to indict this case be extended to May 28, 2021, and that this additional time be excluded in computing the time within which an indictment must be filed pursuant to 18 U.S.C. § 3161(h).

Respectfully submitted,

JOHN N.S. SHORT

s/*Dennis E. Jones*
Dennis E. Jones, PLC
230 Charwood Drive, Suite A
Abingdon, VA  24210
271-619-5005
dejones@bvu.net
Counsel for John N.S. Short

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was electronically filed and will be forwarded to counsel of record, this 26th day of April, 2021.

s/*Dennis E. Jones*